Turn to the calendar, which is long today, so I'm asking you all to be mindful of the time limits. The first case on our calendar is Adamu v. Detective Edward Doyle. We'll hear from counsel for appellant. Good morning, your honors. May it please the court. My name is Mark Ratty. I represent the appellant, Edward Doyle. Detective Doyle should be dismissed from this case because he's entitled to absolute and or qualified immunity. But didn't the district court find that Detective Doyle lied about other aspects of this case besides his testimony before the grand jury? The district court relied on some pre-indictment allegations. And post-indictment information given to the NYPD. Correct. So let me start with the pre-indictment allegations. The allegations were that Detective Doyle participated in investigating this incident before the arrest. He made- Does it allege that he made an affidavit that was false? No. The only allegations are he participated in the investigation. He had communications with the New York Police Department prior- You're reading from sections of the complaint now? These are from the complaint. It's page 51 in the record, paragraph 16. Okay, thank you. He made phone calls to the NYPD. He sent an information packet. There's no allegations about what that packet contained. Nothing that says what was in it was false? No. It also says he went to New York to observe, photo, and identify plaintiff prior to the arrest. None of those allegations are tortious conduct or wrongful conduct. At some point he knew that he had misidentified Mr. Adamu as Omar Haji? The claim is that he was misidentified as Omar Haji, but if you look at the arrest warrant, it's issued for Idrissa Adamu. The indictments name Idrissa Adamu. Omar Haji was an alias. The plaintiff at the scene of the arrest denied his name was Omar Haji. He admitted his name was Idrissa Adamu, and that's who the warrant was for. The warrant is in the record, too. But he was not the person who was engaged in cigarette smuggling. Isn't that correct? No, that's not correct. No. Do you think Mr. Adamu was the person who was engaged in cigarette smuggling? Mr. Adamu was part of the conspiracy. Correct. He was not in Virginia at the time it happened, but he was participating through New York, and that's why... Presence in Virginia is not necessary for the element of a crime, is it? Absolutely not. But you alleged he was there, Mr. Detective Doyle. Well, that's the allegation. The allegation, the only false statement that Detective Doyle allegedly made is that the plaintiff was in Virginia at the time of the crime and fled. The complaint, however, does not allege that Detective Doyle made that statement to the Virginia prosecutor who decided to indict, only that he made that statement to New York authorities. Well, obtaining the warrant, though, is a function of the interstate compact between those states with regard to securing warrants for his transportation back. So whether he did or did commit the crime, well, either through telephoning outside of Virginia or in Virginia, it's not an element of the crime. It's not necessary to his criminal liability, is it? Correct. It's not necessary. It's also not necessary to extradite. Both New York and Virginia have statutes that allow extradition of people who did not flee from the state. The basis of the extradition is the fact that he's indicted by a grand jury in Virginia. Correct. And he's now present in New York. Correct. So shooting to his status is irrelevant to the governor's warrant. Right. Right. Although the governor was told that he was in Virginia before they issued the capice, right? Well, that's the allegation, but there's no allegation that Detective Doyle told the governor. And whose benefit do we draw inferences on the allegations at this point? Your Honor, factual allegations are construed in favor of the non-moving party, but conclusory allegations are to be ignored. It would be as if he said Adamu was 45 and was actually 50.  Correct. That's irrelevant. So whether he was in Virginia or not is really beside the point. Again, there is no allegations that Detective Doyle made any false representations to the Virginia prosecutor who decided to pursue the indictment in the first place. In order to seek either qualified or absolute immunity, isn't it correct that you have to accept as true everything the plaintiff says? You do not have to accept as true conclusory allegations that are not supported by facts. You have to take his story. You have to give every inference on his story the benefit of the doubt. Isn't that correct? Isn't that what our law says? Yes. Isn't that what the district court did? No, that's not what the district court did. Walk us through where the district court erred. Well, the district court relied on those pre-indictment allegations that I mentioned. But to defeat absolute immunity, there has to be something tortious or wrongful about that conduct. Participating in an investigation is not wrongful. Actually, it's desirable to have police investigate before they arrest somebody. Making calls to the NYPD who had no input in whether or not the plaintiff was indicted is not wrongful conduct. Sending an information packet with no allegations about what that packet contained is not wrongful conduct. Going to New York and surveilling the plaintiff... That's paragraph 16 of the complaint, right? Paragraph 16, correct. These are the only allegations of pre-indictment activity at the plaintiff alleges. There's nothing wrongful about them that would undermine absolute immunity. There's no allegations... At some point, however, the allegation is that Detective Doyle knew he had misidentified Mr. Adamu. Yes. And anything after that, obviously, is tortious. Well, that's the second part of Judge Carter's reasoning, is that the fact that Detective Doyle knew that he testified falsely in the grand jury and that, therefore, the indictments and the warrant were not based on probable cause, yet he continued to pursue the arrest and prosecution, that completely ignores Rayburg, which says that once there is an indictment issued by a grand jury, you cannot look behind the indictment to consider that there is false testimony. But you just agreed with me that on this interlocutory appeal we have to take as true what the plaintiff says. We have to take as true what the plaintiff says, but... The name of the indictment was Mr. Adamu's name, right? Correct. And the reason why he was indicted, Adamu says he was indicted because Detective Doyle perjured himself with regard to his identity. Correct. And the warrant issues as a result of the indictment, right? Correct. And Adamu's complaint is that he continued to assert what was in the indictment, but the indictment is the only basis by which the warrant could be issued, right? Right. The plaintiff's whole theory of the case comes back to Detective Doyle's grand jury testimony. If we look at this court's decision in Coggins, there's a test about how you can tell whether or not the grand jury testimony supports it or how you can tell whether there's a claim based on grand jury testimony. And what we do is we take the grand jury testimony out of the equation and we look at the allegations without it. And so if we do that here, the allegations are Detective Doyle participated in an investigation. He told New York police officers that plaintiff fled from Virginia. He does not allege that Detective Doyle made any false representations to the Virginia prosecutor who decided to indict. Then a grand jury indicted plaintiff. A warrant was issued. The plaintiff was arrested, searched, detained, prosecuted based on that indictment and warrant. Are there any allegations that the detective assisted in moving the process along by making statements, essentially in support of that, after the indictment issue? After the indictment. He alleges that there were further communications with New York authorities. But it was Virginia who was seeking to extradite. So even assuming the allegations are true, it's not relevant to what Virginia was able to do to have him picked up by New York under the compact. Correct. There's no allegations that Detective Doyle made any false representations to the Virginia prosecutor or the person from Virginia who was seeking extradition. If he had been in contact with the prosecutor, say, and essentially supported what, except for now, was a false statement, perjured testimony in front of the grand jury, would we be having this discussion? If he had falsely represented to Virginia prosecutors after the indictment? Oh, yeah. That's good and sort of provided facts that supported or that aligned with the false statements, hypothetically, that he had made to the grand jury. I don't think any post-indictment false representations are really relevant to the analysis of whether there was probable cause at the time of the arrest and prosecution. Yeah, but there's, I mean, the problem I have with that, and I understand there may be a problem with the jurisprudence in my having a problem with that, is that he is the one person who knows that the grand jury issued an indictment based on false testimony, and he is essentially perpetuating that post-indictment. And you're sort of, we haven't, at least I haven't found a case that sort of confronts the argument in a fruit-of-the-poisonous-tree sort of way, whether that actually continues out. I mean, I think you have to look at the time, probable cause is based on what the officers knew at the time of the arrest. At the time that he was, a grand jury issued the indictment, and the arrest was based on the indictment. Under Rayburg, we cannot look behind the indictment to see what Detective Doyle testified at the grand jury. We cannot undermine probable cause. Well, we can't, but he knows. We don't, yes, and he can't immunize false testimony for the grand jury by repeating it either before or after other people. That's what Coggins teaches. Well, go ahead, go ahead. I think that's what Judge Carter relied on, is that Detective Doyle continued knowing he testified falsely. But his knowledge that he testified falsely. He didn't arrest him independent of the indictment. He took him under, into custody as a result of the warrant arising from the indictment. Coggins is different because in Coggins, what happened was they arrested the fellow after traffic stopped. The fellow said he thought it was based on his race. They said, no, we arrested you for a traffic violation and then that you possessed a weapon, and they planted the weapon. And another officer from an adjoining jurisdiction said that there was no weapon when he was arrested, and they signed affidavits with regard to the arrest. So therefore, at the time of his arrest, he had a claim for false arrest that isn't immunized by the later grand jury testimony because they signed affidavits to that effect. When the arrest precedes the indictment, there's clearly the ability to have a false arrest claim arising from perjured affidavits and others, but it becomes curious post-indictment. He was never arrested prior to the indictment. If Doyle had lied to somebody and arrested him, then he left and went back to New York and then gets indicted, Doyle testifies, he's got a definite claim for false arrest. But when the arrest arises solely from the warrant, the question is whether Coggins immunizes that. I agree, that's the distinction, that here it was the indictment that led to everything else, and the indictment was based on the grand jury testimony, so everything that followed it he should be immune for. So the answer to the question I led off with was he didn't really do anything other than, he didn't do anything essentially to advance the cause beyond what the indictment had already done. Correct, nothing that's alleged in the complaint. Exactly. There's an allegation at page 18, page 52 of the appendix, that he searched the plaintiff and the store, but then I didn't see anything else in the complaint about that activity, and his claim doesn't seem to be centered around an illegal search, it's purely false arrests and malicious prosecution, right? Yeah, that's what his brief seems to suggest. He seems to not be arguing anything about the search, nothing about the scope of the search. It just seems to be based on his person being seized. But again, that's based on the warrant and the indictment. And even the search, if there's a claim based on the search, the search was a search incident to arrest based on the warrant and indictment. So I think immunity would attach to that. And if absolute immunity doesn't attach, and there is this issue about whether proceeding, knowing that you testified falsely could help state a claim, that's not well settled, and I think that that would entitle him to qualified immunity at the least. Any reasonable officer, I think, would know that you can't lie about a potential defendant in order to arrest him. Would you think that would be generally well known? Generally, yes, but it's well settled since 2012 that if you testify falsely before a grand jury, that you're immune from all the claims that flow from that. Well, it can't be that you've got qualified immunity because you've burned yourself at the grand jury. That would seem kind of an odd qualified immunity, wouldn't it? Well, if the Supreme Court says that, I agree, but if the Supreme Court says that you're entitled to absolute immunity for your grand jury testimony, but yet you can still – Thank you. Thank you. Thank you very much. We'll reserve decision.